## Ague et ux. v. Romigh et ux.

*Reed & Ewing*, for plaintiffs.
*Norman S. Faulk*, for defendants.

McCreary, J., May 9, 1945.—At the above-stated number and term an amicable action and confession of judgment was entered against the above-named defendants on April 24, 1945. On the same day a præcipe for habere facias possessionem with clause of fieri facias was filed and a rule was issued, directed to said defendants, requiring them to be and appear for a hearing in the court of common pleas on Tuesday, May 8, 1945, at

9 a.m., and to show cause why defendants should not deliver to Robert Ague and Margaret Ague, plaintiffs, possession of the 10-room frame dwelling with garage located in Westview, Brighton Township, Beaver County.

It appears from the testimony that Robert Ague and Margaret Ague, his wife, entered into a written agreement or lease with Paul D. Romigh and Lola M. Romigh in the month of April 1944 for the premises referred to in the citation. The lease was for one year and the term was to end on May 1, 1945. Among other covenants agreed upon by the tenants, as part of the consideration moving toward the lessors, provision was made as follows:

"The tenant covenants . . . to maintain and keep the premises during the term in good repair, including water pipes, their connections and all plumbing fixtures; also the cellar, yard, vault and outhouse free of rubbish, and in such condition as the board of health may require, during the term, and if the lessor pays for the same or any part thereof it will be additional rent payable forthwith."

The tenants further covenanted as follows:

". . . and the lessor or agent may enter at will to inspect the premises, to take or send persons on said property, seeking to rent or purchase, make repairs or improvements and post notices of 'To Let' and 'For Sale.' "

At the hearing it appeared to be undisputed that defendants did refuse to allow the lessor, or his agent, to enter upon the premises for the purpose of displaying the property to prospective purchasers, and that the refusal was unreasonable. Both of the lessees admitted at the hearing that they had refused to permit the lessor, or his agent, to enter upon the premises for the purpose of showing the same to prospective buyers, and that their refusal to do so was based upon the tardiness on the part of the lessors in making certain repairs to

the premises. It appears that the repairs which the landlord has failed to make are repairs to the linoleum in the kitchen and bathroom, which linoleum has curled up around the edges, requiring, possibly, the installation of a new border. These are repairs which the tenants are required to make under the terms of the lease, and their refusal to permit the lessor to enter upon the premises with prospective buyers is unreasonable in that the refusal is based upon the failure of the landlord to do that which the tenants agreed in writing they would do. It is no answer to the written covenants in the lease for the tenants to say that the landlord agreed orally to make the repairs, because they did not at any time say that any such oral agreement was made to them by way of inducement to them to enter into the written lease. There is no suggestion in the testimony that the agreement to make repairs was omitted from the written lease by either accident or mistake, and hence we are bound by the covenant as it appears in writing in the lease itself.

Defendants have cited the case of Agnello v. Panetta, 49 D. & C. 413, as authority for the proposition that a judgment entered by confession in an amicable action of ejectment should be opened so as to allow an opportunity to defend where the only valid ground of eviction alleged is the tenant's refusal of permission for the landlord to enter in order to examine the premises, where it appears that the landlord was denied admittance to the premises on only one occasion when he attempted to show prospective tenants through the premises without giving advance notice. We believe that that case was properly decided, but it does not appear in the testimony in the case now under consideration that there was but one refusal; nor does it appear that advance notice was lacking. On the contrary, it clearly appears that advance notice was given by telephone, and that the tenants insisted that they would not permit the lessor, or his agent, to enter the

premises to display them to prospective purchasers until the lessors would make repairs, required by the terms of the lease to be made by the tenants themselves.

Therefore, since defendants failed to show cause why they should not deliver possession of the premises to Robert Ague and Margaret Ague, the prothonotary should be directed to issue a writ of habere facias possessionem so that plaintiffs may place it in the hands of the sheriff for execution.